United States District Court
Eastern District of Texas
Sherman Division

| | |
|---|---|
| David E. Mack | § |
| | § |
| vs | § Cause No. 4:11-cv-349 |
| | § |
| Advantage Assets II, Inc. | § |

## Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted

TO THE HONORABLE JUDGE OF THIS COURT:

The Defendants, Advantage Assets II, Inc. (referred to hereafter as "Advantage"), Leonard Pruzanksy, and Timothy Feldman, file this Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and in support thereof would show as follows:

1. This motion is made before pleading any other matters.

2. **Legal Standard** - A complaint must be dismissed when the allegations fail to state a claim upon which relief can be granted, Rule 12(b)(6) Fed. R. Civ. P.  The United States Supreme Court has clarified that "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a forumlaic recitation of the elements of a cause of action will not do," *Bell Atlantic Corp. vs Twombly*, 550 U.S. 544, 555 (2007) *citations omitted*.  Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Ashcroft vs Iqbal*, 129 S.Ct.

1937, 1949 (2009) (quoting *Twombly* at 570). The Plaintiff has not stated sufficient facts upon which to base a complaint.

3. The Plaintiff has brought this suit alleging only violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*[1]

4. The Plaintiff has alleged only one violation of the FDCPA, an alleged false representation of the character, amount, or legal status of a debt.

5. The only factual basis of this claim is that the Plaintiff was sent an "Affidavit of Account" which identified the Plaintiff followed by the parenthetical expression of "hereinafter, the Defendants(s)."

6. The Plaintiff's entire suit is based upon the theory that this parenthetical expression represented that he was a defendant when he was not.

7. First, the parenthetical expression was not a representation of anything, but only a point of reference, a means of referring to the debtor without creating confusion.

8. Second, even if viewed as a representation (which it should not be), the "representation" was not material. In *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027 (9th Cir. 2010) the court stated:

> "In *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009), Chief Judge Easterbrook concluded for a panel of the Seventh Circuit that a false or misleading statement is not actionable under 1692e unless it is material. With reasoning that we consider persuasive, Chief Judge Easterbrook observed that "[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement." Id. at 757 (citing *Carter v. United*

---

[1] Referred to hereafter as "FDCPA."

>*States*, 530 U.S. 255, 120 S. Ct. 2159, 147 L. Ed. 2d 203 (2000); *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)). There is no "reason why materiality should not equally be required in an action based on 1692e." Id. The purpose of the FDCPA, "to provide information that helps consumers to choose intelligently," would not be furthered by creating liability as to immaterial information because "by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." Id. at 757-58. The Seventh Circuit framed materiality as a corollary to the well-established proposition that "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act]--even if it is false in some technical sense." Id. at 758 (quoting *Wahl v. Midland Credit Mgmt., Inc.,* 556 F.3d 643, 646 (7th Cir. 2009) (alterations in original)). Thus, "A statement cannot mislead unless it is material, so a false but non-material statement is not actionable." Id. The Sixth Circuit has reached the same conclusion. See *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (concluding that a false but non-material statement is not actionable under 1692e)."

*Donohue*, supra at 1033.  In light of the context, language and placement of the sentence in the letter, the language of which the plaintiff complains is simply not material.

9.  The type of violation alleged by the Plaintiff, if it exists at all (which is denied), is the type of technical violation which is not actionable.  This type of spurious suit should not take up the time of the Court or the resources of the Defendants.

>"Defendant correctly asserts that a misleading statement must be material in order to be actionable under § 1692e [*citing Donohue, supra* at 1033]. [F]alse but nonmaterial representations are not likely to mislead the least sophisticated consumer." *Id*. The reason for the materiality standard is that "[i]n assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her

response." *Id.* at 1034."

*Holland vs Standley*, 2011 U.S. Dist. Lexis 30645 (Dist. Co. 2011).  If the "representation" alleged by the Plaintiff is to be given any credence (which is denied), it is a "mere technical falsehood" that could mislead no one.  In *Elliot vs Credit Control Svc.*, 2010 U.S. Dist. Lexis 36864 (S.D. Calif. 2010), the Court also relied on the *Donohue* decision for the proposition that technical violations which mislead no one are not actionable.

10.  It is clear that the Plaintiff can prove no set of facts which would entitle him to relief.  The Court should therefore dismiss this suit with prejudice.

WHEREFORE, the Defendant respectfully requests that the Court dismiss this cause of action with prejudice and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

Respectfully Submitted,

Barron, Newburger & Sinsley PLLC
101 Metro Dr., Suite A
Terrell, Texas 75160
(972) 499-4833
(972) 563-1598 (facsimile)


/s/Ed Walton
Ed Walton
SBN:  20828550

## Certificate of Service

  This is to certify that a true and correct copy of this instrument was this day forwarded to all counsel of record through the Court's ECF system and to those identified below via the United States Postal Service.

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252

Signed June 29, 2011.

               /s/Ed Walton
               Ed Walton

United States District Court
Eastern District of Texas
Sherman Division

| | |
|---|---|
| David E. Mack | § |
| | § |
| vs | § Cause No. 4:11-cv-349 |
| | § |
| Advantage Assets II, Inc. | § |

## Order of Dismissal for Failure to State a Claim Upon Which Relief Could Be Granted

On this date, the Court considered the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted filed by the Defendants, Advantage Assets II, Inc., Leonard Pruzanksy, and Timothy Feldman (referred to, collectively, hereafter as "the Advantage Defendants").  The Court is of the opinion that the referenced motion should be granted.

IT IS THEREFORE ORDERED that this cause of action as it relates to the Advantage Defendants is dismissed with prejudice.

SIGNED this _____ day of _____, 2011.

_____
JUDGE PRESIDING