United States District Court
Eastern District of Texas
Sherman Division

| | |
|---|---|
| David E. Mack | § |
| | § |
| | § |
| vs | § Cause No. 4:11-cv-349 |
| | § |
| Advantage Assets II, Inc. | § |

# Original Answer

TO THE HONORABLE JUDGE OF THIS COURT:

    The Defendants, Advantage Assets II, Inc. (referred to hereafter as "Advantage"), Leonard Pruzanksy, and Timothy Feldman, file this Original Answer subject to, subsequent to, and without waiving the Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and in support thereof would show as follows:

    1.   In response to Paragraph 1 of the Complaint, the Defendants state they do not contest jurisdiction at this time.

    2.  The Defendants admit the allegations in Paragraph 2 of the Complaint.

    3.  Paragraph 3 of the Complaint consists of nothing but legal conclusions to which no response is required.

    4.  The Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

    5.  In response to Paragraph 5 of the Complaint, the Defendants state that

they do not contest venue.

6.  The allegations set forth in Paragraph 6 of the Complaint do not relate to these defendants.  Therefore no response is required of them.  However, the Defendants deny any and all wrongdoing.

7.  The allegations set forth in Paragraph 7 of the Complaint do not relate to these defendants.  Therefore no response is required of them.  However, the Defendants deny any and all wrongdoing.

8.  The Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.  The Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10.  The allegations set forth in Paragraph 10 of the Complaint do not relate to these defendants.  Therefore no response is required of them.  However, the Defendants deny any and all wrongdoing.

11.  The allegations set forth in Paragraph 11 of the Complaint do not relate to these defendants.  Therefore no response is required of them.  However, the Defendants deny any and all wrongdoing.

12.  In response to Paragraph 12 of the Complaint, the Defendants incorporate herein the same as if fully copied and set forth at length, their responses to the referenced paragraphs.

13.  The Defendants can neither admit or deny the allegations in Paragraph 13 of the Complaint for the reason that they are unaware of the purposes for

which the indebtedness in question was incurred.

14. Defendants can neither admit or deny the allegations in Paragraph 14 of the Complaint for the reason that they are unaware of the purposes for which the indebtedness in question was incurred.

15. The allegations set forth in Paragraph 15 of the Complaint do not relate to these defendants. Therefore no response is required of them. However, the Defendants deny any and all wrongdoing.

16. The allegations set forth in Paragraph 16 of the Complaint do not relate to these defendants. Therefore no response is required of them. However, the Defendants deny any and all wrongdoing.

17. The allegations set forth in Paragraph 17 of the Complaint do not relate to these defendants. Therefore no response is required of them. However, the Defendants deny any and all wrongdoing.

18. The allegations set forth in Paragraph 18 of the Complaint do not relate to these defendants. Therefore no response is required of them. However, the Defendants deny any and all wrongdoing.

19. The Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. The Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

## Affirmative Defenses and Counterclaim

21. The representations alleged by the Plaintiff are not material.

22.  The Defendants assert that this action was brought in bad faith and for the purpose of harassment in violation of 15 U.S.C. § 1692k(a)(3).

WHEREFORE, the Defendant respectfully requests that the Plaintiff take nothing by this suit and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

Respectfully Submitted,

Barron, Newburger & Sinsley PLLC
101 Metro Dr., Suite A
Terrell, Texas 75160
(972) 499-4833
(972) 563-1598 (facsimile)


/s/Ed Walton
Ed Walton
SBN:  20828550

## Certificate of Service

This is to certify that a true and correct copy of this instrument was this day forwarded to all counsel of record through the Court's ECF system and to those identified below via the United States Postal Service.

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252

Signed June 29, 2011.


/s/Ed Walton
Ed Walton