FILED-CLERK
U.S. DISTRICT COURT
2011 JUL 18 AM 10: 08
TEXAS-EASTERN
BY_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

David E Mack )
    Plaintiff )
) Case No. 4:11CV349
vs )
)
)
Advantage Assets II, Inc. et al )
    Defendants )

### NOTICE OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Comes now the Plaintiff with his opposition to Defendants Advantage Assets II, Inc., Leonard Pruzansky, and Timothy Feldman's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and will show as follows:

1. **Legal Standard** Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999): *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. `1996). It is well established that "pro se complaints are held to less stringent standards than formal pleading drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. Baker, 75 F.3d at 196.

2. Defendants argue that the Plaintiff has alleged only one violation of the Fair Debt Collection Practices Act (hereinafter FDCPA) as if only one violation of the law is

inconsequential and Plaintiff's complaint should be dismissed as trivial where justice for the Plaintiff would be denied.

3. Defendants' argue that the use of the word "Defendant" in the document sent to Plaintiff was merely a "point of reference" and a means of referring to the debtor without creating confusion. The truth lies in the fact that the use of the word "Defendant" in the document sent to the Plaintiff most certainly **CREATED** confusion and fear and was without question a false representation as to the legal status of the alleged debt and a violation of the FDCPA.

4. It is obvious that the use of the term "Defendant" rather than "debtor" was intentional as a means to attempt to coerce the Plaintiff by causing him to believe he was being sued for the alleged debt when in fact he was not as stated in the complaint.

5. Plaintiff must be afforded the protections of the FDCPA in regard to the least sophisticated consumer standard "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). It is obvious that the use of the word "Defendant" in a communication from the Defendants could cause the Plaintiff, who is a consumer under the definitions of the FDCPA, to make an inaccurate interpretation of the nature of the document received.

6. The nonsensical argument by the Defendants that the use of the word "Defendant" to reference the Plaintiff rather than using his name or the commonly known and proper terminology of "debtor" was not material, would show the court that the Defendants' argument in favor of dismissal of the complaint has absolutely no merit whatsoever.

7. Defendants' argument that the "representation" that the Plaintiff was a "Defendant" was not material flies in the face of the definition of the word **material** "Representation relating to matter which is so substantial and important as to influence party to whom made is "material" " Black's Law Dictionary 6th Ed.

8. Defendants' argument that the "representation" by the Defendants that the Plaintiff was a "Defendant" in a debt collection lawsuit when he was not is a "mere technical falsehood" and is not actionable is ridiculous. This exposes how the defendants, as debt collectors, when caught using illegal and coercive tactics to attempt to collect a debt will attempt to explain it away as a "technical violation" and escape liability when in fact it was an illegal, calculated, and intentional act which is all too common in the debt collection industry today.

9. Plaintiff has written his complaint with sufficient particularity and details and the court must accept those well-pleaded facts as true and view them in the light most favorable to the Plaintiff and allow this cause of action to proceed to trial on the merits.

WHEREFORE, the Plaintiff respectfully requests that the Defendants' motion to dismiss this cause of action be denied and the court order that the matter proceed forward for trial.

Respectfully Submitted,

David E Mack
7720 McCallum Blvd. # 2099
Dallas, Texas 75252
972-735-9642

CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the document above was sent to counsel of record listed below for Defendants who have answered this complaint and was sent by first class mail USPS.

Barron, Newburger & Sinsley PLLC
101 Metro Drive Suite A
Terrell, Texas 75160

                            Dated July 18, 2011

                            David E Mack